UNITED STATES DISTRICT COURT

IN THE NORTHERN DISTRICT OF CALIFORNIA

GERARD JONES,

    Plaintiff,

vs.

CORRECTIONAL LIEUTENANT R. LOPEZ,

    Defendant.

No. C 11-3902 YGR (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Gerard Jones, a prisoner at the Correctional Training Facility (CTF) in Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His motion for leave to proceed *in forma pauperis* has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff alleges that he was denied due process in connection with prison disciplinary proceedings while he was housed at CTF. On November 9, 2010, he was issued a CDC-115 Rules Violation Report for "Circumventing Direct Observation Therapy Medical Procedures." He names only one Defendant, Correctional Officer R. Lopez, who was the senior hearing officer during the disciplinary hearing for the CDC-115. Plaintiff seeks monetary damages.

## DISCUSSION

**I.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right

secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. **Legal Claims**

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence or causes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). Due process also requires that there be "some evidence" to support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445 472, 454 (1985). The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

Plaintiff alleges that Defendant Lopez refused to allow him to present witnesses at his disciplinary hearing and denied him an investigative employee. Plaintiff was found guilty after that disciplinary hearing and assessed a thirty-day forfeiture of credit and ninety-day placement onto Privilege Group "C." Liberally construed, the allegations of the complaint state a § 1983 claim against Defendant Lopez for violating Plaintiff's right to due process.

## **CONCLUSION**

For the foregoing reasons,

1. Plaintiff has stated cognizable § 1983 due process claims against Defendant Lopez.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the operative complaint and all attachments thereto (docket no. 1) and a copy of this Order to **Senior Hearing Officer Correctional Lieutenant R. Lopez.** The Clerk of the Court shall also mail a copy of the

2

complaint (docket no. 1) and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

      3.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendant will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      4.      Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

      a.      No later than **ninety (90) days** from the date Defendant's answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **sixty (60) days** after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

3

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce *evidence* in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.      Defendant shall file a reply brief no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

        d.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6.      All communications by Plaintiff with the Court must be served on Defendant, or

1  Defendant's counsel once counsel has been designated, by mailing a true copy of the document to
2  Defendant or Defendant's counsel.
3       7.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
4  informed of any change of address and must comply with the Court's orders in a timely fashion.
5       8.    Extensions of time are not favored, though reasonable extensions will be granted.
6  Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the
7  deadline sought to be extended.
8      IT IS SO ORDERED.

9  DATED:  May 1, 2012
10            **YVONNE GONZALEZ ROGERS**
          **UNITED STATES DISTRICT COURT JUDGE**

**United States District Court**
**For the Northern District of California**